WO                                                                                                          MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Norman Ziegenfuss, Jr., <br> Petitioner, <br> v. <br> Anthony Mackey, et al., <br> Respondents. | No.   CV 20-02059-PHX-JJT (JZB) <br><br> **ORDER** |

On September 9, 2020, Petitioner James Norman Ziegenfuss, Jr., who is confined in CoreCivic's Red Rock Correctional Center, filed a pro se Petition under 28 U.S.C. § 2254 and a Motion to Proceed In Forma Pauperis in the Ninth Circuit Court of Appeals. *Ziegenfuss v. Ariz. Court of Appeals*, No. 20-72901 (9th Cir.).  In an October 21, 2020 Order, the Ninth Circuit Court of Appeals transferred the Petition and Motion to this Court. In a November 2, 2020 Order, the Court denied Petitioner's Motion to Proceed In Forma Pauperis and dismissed the Petition with leave to amend, giving Petitioner 30 days to file an amended § 2254 petition and either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis using the court-approved form.[1]

On November 5, 2020, Petitioner filed a document entitled "Habeas Petition," which the Court construed, in a November 17, 2021 Order, as a Motion for Reconsideration, Clarification, and Recusal.  The Court granted the Motion in part insofar

---

[1] Petitioner's appeal from this order was dismissed by the Ninth Circuit for lack of jurisdiction on December 9, 2020.  *See Ziegenfuss v. Mackey*, No. 20-17279, Doc. 3.

**JDDL**

1    as it provided clarification of the November 2 Order.  In all other respects, the Motion was
2    denied.

3          On November 23 and 30, 2020, Petitioner filed a Motion for Extension of Time and
4    a "Notice of Correction of the Record."  In a December 11, 2020 Order, the Court granted
5    the Motion for Extension of Time and denied the Notice, which was construed as a Motion
6    for Reconsideration of the Court's November 17 Order.

7          On January 8, 2021, Petitioner filed another Motion for Extension of Time.  In a
8    January 15, 2021 Order the Court granted the Motion for Extension of Time to the extent
9    Petitioner was given 30 days to file an amended petition and either pay the filing fee or file
10   a complete Application to Proceed In Forma Pauperis.

11         On January 29, 2021, Petitioner paid the $5.00 filing fee.  On February 5, 2021, he
12   filed a Motion to Stay.  In a February 11, 2021 Order, the Court denied the Motion to Stay
13   without prejudice and gave Petitioner 30 days to file an amended Petition.

14         On February 16, 2021, Petitioner submitted a Letter addressed to the Clerk of Court
15   (Doc. 30).  On March 11, 2021, he filed a Motion for Enlargement of Time and Motion to
16   Stay (Doc. 31).

17   **I.**   **Letter**

18         In his Letter, Petitioner asks the Clerk of Court to file multiple attached documents,
19   each of which is a completed copy of a form titled "Violation Warning Denial of Rights
20   Under Color of Law."  Each copy of the form is addressed to a different individual, many
21   of whom appear to be state officers.  It is not clear what bearing these documents have on
22   this case, and Petitioner has offered no explanation to support their introduction into the
23   record.  The Court will therefore deny the Letter and strike the attachments from the record.

24   **II.**   **Motion for Enlargement of Time and Motion to Stay**

25         In his Motion for Enlargement of Time and Motion to Stay, Petitioner asks the Court
26   to stay this case until 30 days after the Arizona Supreme Court has rendered a decision on
27   his pending petition for review.  *See State v. Ziegenfuss*, CR-20-0451-PR (Ariz.).  This
28   Court has already denied Petitioner's request for a stay.  *See* Doc. 29 at 3 (noting that the

Court is unable to determine the propriety of a stay in the absence of a pending petition). Accordingly, the Court will construe Petitioner's Motion as a Motion for Reconsideration of the February 11, 2021 Order.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the February 5, 2021 Motion to Stay, the February 11, 2021 Order, and the pending Motion for Reconsideration. The Court finds no basis to reconsider its decision. Accordingly, Plaintiff's Motion for Reconsideration will be denied.

### III.   Leave to Amend

The original Petition was dismissed more than four months ago. Petitioner has been given ample opportunity to comply with the Court's instruction to file an amended petition yet has persistently failed to do so—despite having been warned repeatedly that the consequence for a failure to comply is dismissal. Petitioner will be given one **final**

**opportunity to file an amended petition** in accordance with the November 2, 2020 Order and this Order. **If he fails to do so within 30 days, this case will be dismissed**.

## IV. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Letter (Doc. 30) is **denied**. The Clerk of Court must **strike** the documents attached to Petitioner's Letter.

(2) Petitioner's Motion for Enlargement of Time and Motion to Stay (Doc. 31), construed as a Motion for Reconsideration, is **denied**.

(3) Within **30 days** of the date this Order is filed, Petitioner must file an amended petition.

(4) If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner and must deny as moot any pending unrelated motions.

Dated this 19th day of March, 2021.

James A. Teilborg
Senior United States District Judge